PITTSBURGH, CHICAGO AND ST. LOUIS RY. CO. v. JOHN B. EIS, ADMR.

1. QUESTION OF NEGLIGENCE IS TO BE DETERMINED BY THE JURY.

Whether regulations adopted by the officers of a railway company looking to the safety of its employees are adequate for that purpose, is not to be finally determined by the officers themselves; and notwithstanding such regulations the question of the company's negligence is to be determined by the jury.

2. ASSUMPTION OF RISKS BY THE EMPLOYEE.

But where such employee, with full knowledge of all regulations designed for his protection and of the mode of business conformable thereto, acquiesces therein and continues in the service of the company, he will be held to have taken upon himself the risks incident to his employment.

ERROR to the Court of Common Pleas of Franklin county.

SHAUCK, J.

The defendant in error brought suit in the court of common pleas, to recover from the railway company damages for alleged negligence resulting in the death of his intestate. It is alleged in the petition, that on the 15th day of January, 1881, and for a long time prior thereto, Brannan was employed as carpenter and car-repairer about the tracks, yard and shop of the company at Columbus; that upon that day, pursuant to directions given by a superior servant, he undertook the repair of a car standing upon a track in the yard; that while he was so engaged under the car, a cut of cars was ridden down upon the same track by a trainsman, and against the car under which he was working, which was thereby moved from its position, running over him and inflicting fatal injuries. Negligence is charged against the company in not providing a separate track for the repair of cars, and against the superior servant, to be imputed to the company, in not stationing a watchman to warn him of approaching danger. The petition also contains appropriate averments as to the widow and children of the deceased for whose benefit the recovery is sought.

The answer denies all the averments of the petition, except that Brannan received the fatal injuries at the time and place charged, and avers that he was guilty of negligence contributing to such injuries by not attaching to the car under which he was working, such signal as was required by the rules of the company.

By the express provisions of sec. 6134, Rev. Stat., the right of the personal representative to recover in such an action as this is to be determined by the same rules that would have been applicable to the intestate had the injuries not proved fatal.

The evidence shows, that at the time of the injuries to Brannan, there were in force in the company's yard rules of long standing; that said rules required the inspectors to designate by appropriate marks cars that were to be repaired where they stood upon the tracks; that they required repairers of cars, before beginning their work, to attach to the car, or cut of cars, upon which they were to work, and upon the end nearest the switch, a blue flag by day and a blue lantern by night, and that all employes were to leave undisturbed the cars bearing such signal.

In view of this evidence, as to which there was no controversy, it is claimed that the court erred in submitting the question of the negligence of the company to the jury. In support of this exception to the charge it is said, that the officers of the company having exercised their judgment with respect to this regulation, its reasonableness, in an action by an employee, is not to be decided by a

jury; and Wolsey v. Railroad Co., 33 O. S., 227, is cited as sustaining that view. It is there decided, that in an action by an employee to recover for injuries sustained by him by reason of his violation of a rule of the company, the jury cannot be permitted to decide the rule unreasonable so as to excuse him for its violation. Acquiescence in the rules of the company is held to be a duty imposed upon him by the contract of service. But the reasonableness of the rule is not to be confounded with its sufficiency. It is beyond controversy that Brannan attempted to comply with the regulations referred to, by attaching a blue flag to the car under which he was at work. There is some evidence tending to show that in view of the fact that this injury occurred late in the afternoon, a lantern and not a flag was the proper signal. But the evidence tending to show Brannan's compliance with the regulation broadly distinguishes this case from that cited. It cannot be admitted that a company may, by a system of rules and regulations, finally determine the measure of its duty to an employee. We see no reason why this case should be regarded as an exception to the general rule that the question of negligence is to be determined by the jury under proper instructions.

It is also urged that the verdict is manifestly against the weight of the evidence. The jury were clearly justified by the evidence in finding that Brannan exhibited the proper signal, and that he was in no respect guilty of negligence contributing to the injury. Nor can we say that they were not justified in finding, that he was directed by a superior servant to make the repairs upon which he was engaged at the time of the accident. But this fact is, perhaps, immaterial; for since both Brannan and his superior acted in strict conformity to the regulations of the company, the verdict, so far as this question is concerned, called it to account for its own negligence, and not for that of the superior servant.

Upon the question remaining to be considered, I am authorized to speak for only a majority of the court. That question is: Did Brannan, with knowledge of the practice complained of, acquiesce therein, so that he must be regarded as having taken upon himself the risk of any injury that might result therefrom? The question concedes the negligence of the company. The rule of law by which we are to be guided in this inquiry, is thus stated:

" If an employee, with full knowledge of an habitual and continued negligence of the company or his superior fellow employee in some particular matter, acquiesces therein and continues in the service of the company, without any objection or effort toward a correction of the neglect, he thereby waives his right against the company and takes the risk upon himself." Railroad v. Knittal, 33 O. S., 468.

The application of this rule to the facts disclosed by the record is not difficult. The petition alleges that upon the day of the injury, "and for a long time prior thereto," Brannan was in the employ of the company as a car repairer about the tracks of the company, in the city of Columbus. A witness for the plaintiff testifies, that for a long time Brannan had been at work in this yard in that capacity. Witnesses for the defendant testify, that he had been so employed for more than two years when he received his injuries. This evidence is uncontradicted, and the facts testified to must be accepted as conclusively established.

In like manner it is established, that during that period all freight cars brought in the company's trains from points east of Columbus and destined for Cincinnati, were thrown upon the track where Brannan was injured; that they were there inspected; that all cars found in need of repairs—unless of so important a character as to require them to be taken to the shop — were thus repaired by four or five repairers, including Brannan; that no watchmen were employed to warn the repairers of danger, and that the regulation referred to was the only provision made for their protection. The rule referred to does not cast upon the employe the duty of inspecting or making inquiry as to sources of danger; but it does charge him with knowledge of the facts occurring within the field of his actual observation, and with the consequences of such knowledge. For more

than two years Brannan had worked in conformity to this regulation, and with knowledge, derived from actual observation, that in his daily duties he had no protection except that afforded by the signal exhibited, and such care as his fellow servants might exercise in giving heed to it. Of the numerous cases in which this rule has been recognized and applied, I have seen none in which the evidence so clearly established acquiescence with knowledge.

Judgment reversed.

WILLIAMS, C. J., dissented from the judgment of reversal, on the ground that the evidence set out in the bill of exceptions does not bring the case within the case of Railroad v. Knittal, 33 O. S., 468.

C. N. Olds, for plaintiff in error.

T. E. Powell, for defendant in error.